IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert James Williams,<br><br>   Petitioner,<br><br>vs.<br><br>Rick Mauldin, et al.,<br><br>   Respondents. | No. CV 09-8148-PCT-GMS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. §2254. (docket # 1). Respondents filed an Answer (docket # 8) asserting that the Petition should be denied because Petitioner's claims are either procedurally defaulted and barred from federal review, or lack merit. Petitioner has not replied and the deadline has expired.

**I. Factual and Procedural Background**

  **A. Charges, Trial and Sentencing**

On or about September 22, 2006, a Prescott City police officer observed Petitioner's vehicle cross the center line and swerve onto the right shoulder of the road several times. (Respondents' Exh. A at 3) The police officer stopped Petitioner who was fidgety and nervous. Petitioner told the officer that his driver's license was suspended. (Respondents' Exh. A at 3) The police officer conducted a series of field sobriety tests and arrested Petitioner for driving under the influence of intoxicating liquor or drugs. (Respondents' Exh. A at 3) Petitioner's urine tested positive for methamphetamine and

amphetamine.  (Respondents' Exh. A at 3)  Based on the foregoing incident, the State of Arizona charged Petitioner by information with the following: (1) Count 1:  driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor or drugs and impaired to the slightest degree, and while his driver's license was suspended or revoked in violation of A.R.S. 28-1383, a class 4 felony; and (2) Count 2: driving or being in actual physical control of a vehicle with the presence of any drug defined in A.R.S. § 13-3401, or its metabolite, in his body, while his driver's license was suspended or revoked in violation of A.R.S. 28- 1383, a class 4 felony.  (Respondents' Exhs. B)  The State also alleged that Petitioner had two historical prior felony convictions for the crimes of possession of marijuana and possession of drug paraphernalia, both class six felonies.  (Respondents' Exh. D)  After a two-day trial, the jury found Petitioner guilty on both counts.  (Respondents' Exhs. C, F)

At a subsequent hearing, the trial court[1] found that Petitioner had two prior felony convictions, which the court determined should be treated as one historical prior conviction for sentencing purposes because the offenses were committed on the same occasion.  (Respondents' Exhs. D, E); A.R.S. § 13-604(M).  On March 26, 2007, the trial court sentenced Petitioner to presumptive concurrent 4.5-year terms of imprisonment.  (Respondents' Exh. F)

**B. Post-Conviction Proceeding**

On April 11, 2007, Petitioner's filed a notice of post-conviction relief pursuant to Ariz.R.Crim.P 32.  (Respondents' Exh. G)   On May 7, 2007, the court appointed counsel. (Respondents' Exh. H)   On April 28, 2008, counsel filed a Supplemental Petition for Post-Conviction Relief arguing that Petitioner should be allowed to file a notice of delayed appeal because his counsel had failed to timely file a direct appeal  (Respondents' Exh. I) Following an evidentiary hearing, the trial court found that Petitioner was entitled to file a notice of delayed appeal.  (Respondents' Exh. J)

---

[1] The Honorable William T. Kiger presided.

**C. Direct Appeal**

On July 3, 2008, Petitioner filed a notice of delayed appeal. (Respondents' Exh. K) Counsel subsequently filed an opening brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that there were no arguable issues for appeal. (Respondents' Exh. L) With leave of court, Petitioner filed a *pro se* supplemental brief arguing that: (1) his convictions and sentences violated the prohibition against double jeopardy in the United States and Arizona Constitutions; (2) he was improperly sentenced as a repetitive offender because A.R.S. § 13-604(W)(3) precludes Chapter 34 convictions involving drugs below the threshold amount from being considered historical prior felony convictions for sentence enhancement purposes; and (3) trial counsel was ineffective for allowing the foregoing errors to occur. (Respondents' Exhs. M, N) On March 31, 2009, the Arizona Court of Appeals rejected Petitioner's claims and affirmed his convictions and sentences. (Respondents' Exh. A)

Specifically, the court found that Petitioner's double jeopardy claim lacked merit. (Respondents' Exh. A) The court further found that Petitioner's sentences complied with Arizona law. (Respondents' Exh. A at 6-7) The court declined to consider Petitioner's claim of ineffective assistance of counsel, explaining that "[s]uch claims must be brought in post-conviction relief proceedings pursuant to Arizona Rule of Criminal Procedure 32." (Respondents' Exh. A n. 2) Petitioner did not seek review in the Arizona Supreme Court or commence a second Rule-32 proceeding.

**D. Petition for Writ of Habeas Corpus**

On August 28, 2009, Petitioner timely filed the pending Petition for Writ of Habeas Corpus in this Court. (docket # 1; docket # 8 at 4) Petitioner raises the following claims:

> **Ground One:** His convictions and sentences violate the prohibition against double jeopardy in both the Arizona and United States Constitutions.
>
> **Ground Two:** His sentences violate the Sixth and Fourteenth Amendments.
>
> **Ground Three:** Trial counsel was ineffective for "fail[ing] to explain

- 3 -

> things so [he] could understand what was going on," and for failing to "advocate[] or provide[] proper representation."

(docket # 1, docket # 1-1) Respondents argue that Ground One, although properly before the Court, lacks merit. Respondents further argue that Ground Two does not present a cognizable claim because it presents essentially a state-law issue. Respondents alternatively argue that Ground Two is procedurally barred from federal habeas corpus review because Petitioner did not present a federal sentencing claim to the state courts. Finally, Respondents assert that Ground Three is procedurally barred from federal review because Petitioner did not properly present a claim of ineffective assistance to the state courts. Petitioner has not replied and the time to do so has passed. The Court will discuss Petitioner's claims below.

## II. Exhaustion and Procedural Bar

Title 28 U.S.C. § 2254(b) requires that a petitioner exhaust his available state court remedies before seeking federal review. A federal court cannot grant habeas relief unless petitioner demonstrates that he has completely exhausted his claims, either because he fully presented his claims to the state courts or because he no longer has available state remedies. 28 U.S.C. § 2254(b)(1)(A), (B), and (c). *See also, Rose v. Lundy*, 455 U.S. 509 (1982). Under Ninth Circuit law, Arizona prisoners, other than those sentenced to death, exhaust state remedies by presenting their claims to the Arizona Court of Appeals. *Swoopes v. Sublett*, 196 F.3d 1008, 1008-09 (9th Cir. 1999).

The exhaustion requirement also requires that a state prisoner "fairly present" his federal claims to the state courts. *See, Duncan v. Henry*, 513 U.S. 364 (1995) (holding that petitioner did not exhaust his state remedies where he failed to advise the state court that his claim that an evidentiary ruling violated state law also violated his right to due process under the Fourteenth Amendment); *Anderson v. Harless*, 459 U.S. 4 (1982) (holding that petitioner failed to exhaust his remedies where he challenged jury instructions as "erroneous" on direct appeal but raised a federal constitutional claim on habeas review.) "If state courts are to be given the opportunity to correct alleged violation of prisoners' federal rights, they must

surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Henry*, 513 U.S. at 888. In *Lyons v. Crawford*, 247 F.3d 904 (9th Cir. 2001), the Ninth Circuit held that regardless of whether a petitioner is proceeding *pro se*, "a petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced the specific provisions of the federal constitution or statutes or cited to federal law." *Id.*; *See*, *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (holding that the standards of explicitness "appl[y] equally to *pro se* litigants because [j]ust as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement."); *Picard v. Conor*, 404 U.S. 270, 276-78 (1971) (holding that "the claim that an indictment is invalid is not the substantial equivalent of a claim that it results in an unconstitutional discrimination" in violation of the equal protection clause.); *Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir. 2000) (holding that petitioner's "naked reference to due process" in his state court appeal did not fairly present a federal claim to the state court.); *Hiivala v. Wood*, 195 F.3d 1098, 1106-07 (9th Cir. 1999) (holding that a claim of insufficient evidence was unexhausted because the petitioner "did not refer to the Due Process Clause of the United States Constitution" and cited [neither] the Fourteenth Amendment nor any federal case law involving the legal standard for a federal Constitutional violation predicated [thereon]."); *Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996) (finding unexhausted petitioner's claim that his due process rights were violated by admission of prejudicial evidence of prior bad acts, despite the fact that the petitioner had argued to the state court that the admission of such evidence "infringed upon his right to present a defense and receive a fair trial.")

Where a state prisoner has failed to "fairly present" a claim to the state court in a procedurally appropriate manner, state court remedies may, nonetheless, be exhausted. In such a situation, a state prisoner has "procedurally defaulted" his claims and federal habeas review of his claims is "procedurally barred." *See, Ylst v. Nunnemaker*, 501 U.S. 797, 802-

05 (1991). In general, procedural default falls into two categories. First, a state court may have applied a procedural bar to a prisoner's claims in state court. *Nunnemaker*, 501 U.S. at 802-05. Second, the prisoner may have failed to present his claims in state court, but pursuant to state procedural rules, a return to state court would be futile. *Teague v. Lane*, 489 U.S. 288, 297-99 (1989). In either case, federal habeas review is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

To establish cause, a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Murray*, 477 U.S. at 488. To establish prejudice, a prisoner must demonstrate that the alleged constitutional violation infected the trial with constitutional error. *United States v. Frady*, 456 U.S. 152, 170 Rules of Practice of the U.S. District Court for the District of Arizona(1982).

To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B). The Court will discuss the exhaustion requirement as it pertains to Petitioner's claims.

**A. Ground Two**

In ground two, Petitioner argues that his sentences violate the Sixth and Fourteenth Amendments because he was improperly sentenced as a repetitive offender. (docket # 1 at 7) In support of his claim, Petitioner argues that neither of his prior convictions qualify as a "historical prior felony conviction" under Arizona law (A.R.S. § 13-105(22), formerly A.R.S. § 13-604(W)(3)). (docket # 1-1 at 11-14) Respondents argue that ground two is not cognizable on federal habeas corpus review because it does not present a

federal claim. (docket # 8 at 4) Respondents explain that, although Petitioner cites the Sixth and Fourteenth Amendments, the crux of his claim is that his prior felony conviction does not constitute a historical prior under Arizona law. (docket # 8 at 5) The Court agrees that, although Petitioner labels ground two a Sixth and Fourteenth Amendment claim, it only asserts a violation of Arizona law which is not cognizable on federal habeas corpus review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") A state prisoner can obtain federal habeas relief only if his conviction violates the Constitution or the laws and treaties of the United States. *Engle v. Isaac*, 456 U.S. 107, 119 (1982). Petitioner cannot "transform a state law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Because federal habeas relief does not lie for alleged violations of state law or procedure or for alleged error in the interpretation or application of state law, Petitioner's state-law challenge to his sentences does not state a claim for habeas relief. *See, Estelle*, 502 U.S. 67-68 (1991); *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994)

In the alternative, Respondents argue that Petitioner's federal challenge to his sentences asserted in ground two is procedurally barred because he did not present that federal claim to the state courts. The Court agrees that Petitioner did not exhaust a federal challenge to his sentences in state court. On direct appeal, Petitioner argued that he was improperly sentenced as a repetitive offender because his prior conviction did not qualify as a historical prior under Arizona law. Petitioner did not state a federal basis for his claim. (Respondents' Exh. N) The appellate court denied Petitioner's sentencing claim on the basis of state law. (Respondents' Exh. A)

Petitioner failed to present a federal sentencing challenge to the state courts. Any attempt to return to state court to present such a federal claim would be futile because it would be procedurally barred pursuant to Arizona law. Petitioner is time-barred under Arizona law from raising his claim in a successive petition for post-conviction relief because the time for filing a notice of post-conviction relief has long expired. *See* Ariz.R.Crim.P.

32.1 and 32.4 (a petition for post-conviction relief must be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is later.") A state post-conviction action is futile where it is time-barred. *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

Although Rule 32.4 does not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P 32.1(d) through (h), Petitioner has not asserted that any of these exceptions apply to him. Furthermore, under Rule 32.2(a) of the Arizona Rules of Criminal Procedure, a defendant is precluded from raising claims that could have been raised on direct appeal or in any previous collateral proceeding. *See also Krone v. Hotham*, 181 Ariz. 364, 366, 890 P.2d 1149, 1151 (1995) (capital defendant's early petition for post-conviction relief raised limited number of issues and waived other issues that he could have then raised, but did not); *State v. Curtis*, 185 Ariz. 112,113, 912 P.2d 1341, 1342 (App. 1995) ("Defendants are precluded from seeking post-conviction relief on grounds that were adjudicated, or could have been raised and adjudicated, in a prior appeal or prior petition for post-conviction relief."); *State v. Berryman*, 178 Ariz. 617, 624, 875 P.2d 850, 857 (App. 1994) (defendant's claim that his sentence had been improperly enhanced by prior conviction was precluded by defendant's failure to raise issue on appeal). Petitioner's federal sentencing claim could have been raised on direct appeal. Consequently, the state court would find this claim procedurally barred. In section II.C, *infra*, the Court will address whether Petitioner has established a basis for overcoming the procedural bar.

**B. Ground Three**

In ground three, Petitioner argues that trial counsel was ineffective for failing to adequately explain "things" to Petitioner and for failing to advocate and properly represent Petitioner. (docket # 1 at 7) Respondents assert this claim is procedurally barred because

Petitioner did not properly present a claim of ineffective assistance of counsel to the state courts. (docket # 8 at 5)

On direct appeal, Petitioner argued that counsel was ineffective for allowing him to be illegally convicted and sentenced, and for failing to present mitigating evidence at sentencing. (Respondents' Exh. N at 17) The court of appeals declined to consider this claim because, under Arizona law, a claim of ineffective assistance of counsel must be raised in petition for post-conviction relief under Rule 32. *State v. Spreitz*, 202 Ariz. 1, 39 P.3d 525, 527. (Respondents' Exh. A n. 2) Because Petitioner did not present his claim of ineffective assistance of counsel in a procedurally proper manner, his claim is not properly exhausted. *Coleman*, 501 U.S. at 732 (stating that "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims.")

Petitioner is time-barred under Arizona law from raising his claim of ineffective assistance of counsel in a petition for post-conviction relief because the time for filing a notice of post-conviction relief has long expired. *See* Ariz.R.Crim.P. 32.1 and 32.4 (a petition for post-conviction relief must be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is later.") A state post-conviction action is futile where it is time-barred. *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

Although Rule 32.4 does not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P 32.1(d) through (h), Petitioner has not asserted that any of these exceptions apply to him. Consequently, the state court would find this claim procedurally barred. In section II.C. *infra*, the Court will address whether Petitioner has established a basis for overcoming the procedural bar.

## C. Cause and Prejudice or Fundamental Miscarriage of Justice

Because Petitioner's claims raised in grounds two and three are procedurally defaulted, federal review of the claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish cause, a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Id.* The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id.* To establish prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). Where petitioner fails to establish cause, the court need not reach the prejudice prong.

To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

Petitioner has not established either "cause and prejudice" or that a fundamental miscarriage of justice will occur if the Court does not consider his defaulted claims. Accordingly, the Court need not consider the merits of Petitioner's claims asserted in Grounds Two and Three which are procedurally barred.

## III. Ground One - Double Jeopardy Claim

In his first ground for relief, Petitioner argues that his convictions and sentences violate the prohibition against double jeopardy found in the Arizona and the United States Constitutions because they stem from a single act. (docket # 1 at 6)

Petitioner first argues that his sentences were improper under the "same transaction" test articulated in *State v. Gordon*, 161 Ariz. 308, 315, 778 P.2d 1204, 1211 (1989). (docket # 1-1 at 2) In certain cases involving two or more offenses committed in

the same "transaction" against a particular victim, Arizona law requires, for the offenses to be separate crimes, that they must not only contain separate elements but it must also be factually impossible to commit the "ultimate" offense without committing the "other" offense or that committing the other offense subjected the victim to additional harm other than that which was inherent in the ultimate offense. *Gordon*, 161 Ariz. at 315; 778 P.2d at 1211. Habeas corpus relief is only available for violations of federal law as determined by the U.S. Supreme Court. 28 U.S.C. §2254(d). A state prisoner can obtain federal habeas relief only if his conviction violates the Constitution or the laws and treaties of the United States. *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994). The U.S. Supreme Court has rejected the "same-transaction test" discussed in *Gordon*. *See U.S. v. Dixon*, 509 U.S. 688, 709 n. 14 (1993). Rather, the Supreme Court analyzes double jeopardy claims under the same-elements test articulated in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *Id.* at 704. To the extent that Petitioner bases his double jeopardy on state law, the claim is not properly before this court. 28 U.S.C. § 2254(d); *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

    Moreover, Petitioner's federal double jeopardy claim lacks merit. Petitioner presented a federal double jeopardy claim on direct appeal. The appellate court addressed this claim and applied the *Blockburger* test for determining whether two offenses constitute the same offense for purposes of double jeopardy. (Respondents' Exh. A) The court rejected Petitioner's claim finding that no double jeopardy violation had occurred. This Court may not grant habeas corpus relief unless Petitioner establishes that the state court decision was based on an unreasonable determination of the facts, or "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 376 (2000). As discussed below, Petitioner has not shown that the state court's rejection of his double jeopardy claim was contrary to, or involved an unreasonable

- 11 -

application of federal law, or that it was based on an unreasonable determination of the facts. Accordingly, he is not entitled to habeas corpus relief.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that a person may not "be subject for the same offence to be twice put in jeopardy of life or limb." Double jeopardy bars multiple prosecutions and punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). In deciding whether a defendant has been tried and punished twice for the same offense, courts apply the "same-elements" test of *Blockburger v. United States*, 284 U.S. 299 (1932), in which the court inquires "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696, 703-04 (1993) (stating that the "same-elements" test is the only test for double jeopardy bar, overruling the "same-conduct" test adopted by *Grady v. Corbin*, 495 U.S. 508 (1990)). The "same-elements" test focuses on the statutory elements of the crime charged, not the factual evidence offered to secure a conviction. *Illinois v. Vitale*, 447 U.S. 410, 416 (1980) (stating that the "*Blockburger* test focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence presented at trial."). Under the *Blockburger* test, if each offense contains an element not present in the other, they are not the same offense, and double jeopardy does not bar additional punishment and successive prosecution. *Dixon*, 509 U.S. at 696.

In evaluating Petitioner's claim, the Court must decide whether the sections of the aggravated DUI statute under which Petitioner was convicted each contain an element not present in the other. *Id*. On direct appeal, the court applied the *Blockburger* test and determined that Petitioner was not convicted or punished twice for the same offense. (Respondents' Exh. A) Petitioner was convicted of violating A.R.S. § 28-1381(A)(1) and (3), both while his driver's license was suspended or revoked. A person violates A.R.S. § 28-1381(A)(1) if he drives or is in actual physical control of a vehicle while under the influence of intoxicating liquor or drugs if the person is impaired to the slightest degree. A person violates A.R.S. § 28-1381(A)(3) if he drives or is in actual physical control of a

- 12 -

vehicle while there is any drug defined in A.R.S. § 13-3401, or its metabolite, in the person's body.

As the appellate court noted, both offenses require proof that a person was driving or in actual physical control of a vehicle. (Respondents' Exh. A, ¶ 10) However, as the appellate court also noted, each of these offenses contains a statutory element not contained in the other: A.R.S. § 28-1381(A)(1) requires that the person was under the influence of intoxicating liquor or drugs; and A.R.S. § 28-1381(A)(3) requires that the person had any drug defined in A.R.S. § 13-3401 in his body. Thus, Petitioner's convictions and consecutive sentences do not implicate the double jeopardy clause. Petitioner has not established that the state court's application of federal law was contrary to, or involved an unreasonable application of federal law, or was based on an unreasonable determination of the facts. Accordingly, he is not entitled to habeas corpus relief. 28 U.S.C. § 2254(d)(1).

In accordance with the foregoing,

**IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(d) (docket # 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 8th day of January, 2010.

_____
Lawrence O. Anderson
United States Magistrate Judge